IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JAMES HENRY WASHBURN,

    Plaintiff,

v.

PAULO MORGADO, et al.,

    Defendants.

No. C 03-02973 JSW

**ORDER DENYING MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION**

    Now before the Court is Defendants' motion for leave to file a motion for reconsideration of this Court's order issued orally on April 25, 2005 and memorialized in a written order dated April 26, 2005 imposing monetary sanctions on both parties and requiring Defendants' counsel to distribute copies of the Court's standing orders. Having carefully reviewed Defendants' papers and considered the arguments and the relevant legal authority, and good cause appearing, the Court hereby DENIES Defendants' motion for leave to file a motion for reconsideration.

**BACKGROUND**

    On September 13, 2004, following a case management hearing attended by both parties, this Court issued its Order Scheduling Trial and Pretrial Matters which specified that the "close of ALL discovery" was of February 25, 2005. In addition, the September Order set a pretrial conference for April 25, 2005 and a trial to commence on May 16, 2005.

1    On April 18, 2005, the day pretrial submissions were due and after there were no
2 submissions or appearances before this Court since the time of the case management
3 conference, the Court received a letter from Defendants' counsel which explained that the
4 parties had, without court approval, extended the discovery cut-off and were unprepared to go
5 forward with both the pretrial conference and the trial itself. Although discovery disputes had
6 been referred to a magistrate judge and any requests for an extension of the discovery period
7 would have been granted for good cause shown, the parties instead determined to engage in
8 self-help. Both parties engaged in extensive discovery after the close of discovery and were
9 still in the process of exchanging expert information, or in Plaintiff's case, the lack of experts,
10 at the time just preceding the pretrial conference. The letter from Defendants' counsel
11 explained in detail the extent and amount of outstanding discovery issues and detailed the
12 failure of the parties to meet and confer sufficiently in advance of the scheduled pretrial
13 conference.

14    On April 20, 2005, the Court received a responsive letter from Plaintiff's counsel
15 explaining that he had attempted unsuccessfully to meet and confer with Defendants' counsel
16 and that he was prepared to go to trial, notwithstanding the volume of outstanding discovery
17 and related unresolved issues. Plaintiff also submitted proposed jury instructions, proposed voir
18 dire and an incomplete pretrial conference statement.

19    As a result of receiving counsels' letters and inadequate pretrial filings from only one
20 party, this Court issued an order on April 22, 2005, which found that the parties were
21 unprepared to proceed to trial and had failed to comply with the rules of this Court. The order
22 further took the pretrial conference off calendar and informed the parties that it would instead
23 conduct a status conference.

24    On April 25, 2005, this Court held a lengthy status conference in which it detailed the
25 scores of unfinished discovery and addressed all of the issues raised in the parties' letters. The
26 Court inquired about the status of the remaining percipient witnesses to be deposed, the status
27 of outstanding expert disclosures and expert discovery, the production of outstanding
28 potentially discoverable materials, the status of written discovery, and the dismissal of parties.

2

1   The Court inquired further about the parties' intentions whether to file motions in limine or
2   other, long overdue, dispositive motions. The Court engaged the parties on the status of the
3   case also involving Mr. Washburn now pending before Judge Jenkins.

4   After affording the parties sufficient time to explain their concerns regarding the status
5   of all of the outstanding matters, the Court explained that the parties had failed to follow this
6   Court's standing orders. The Court admonished the parties that they had failed to follow this
7   Court's September 13, 2004 order which specifically stated that ALL discovery was closed as
8   of February 25, 2005. The Court admonished the parties that they had failed to submit the
9   required pretrial filings as required by this Court's standing order on trial and pretrial
10  conferences in civil cases (at paragraph 1). The Court admonished the parties that
11  communication by letter, in the absence of a discovery dispute, is a violation of its general
12  standing order (at paragraph 10). The Court's very first general standing order also provides
13  that failure to comply "with any of the rules and orders may be deemed sufficient grounds for
14  monetary sanctions . . . or other appropriate sanctions." The Court read the exact language of
15  its standing orders into the record.

16  The Court then questioned counsel about the explanation for their failures to comply
17  with this Court's standing orders. When given an opportunity to be heard, counsel for both
18  parties explained that they had engaged in self-help and their mutual agreements to extend
19  discovery created a severe delay in the preparation for trial. In effect, both parties blamed each
20  other for failing to comply with this Court's standing orders. In addition, Defendants' counsel
21  stated that she had no explanation for the Court and offered only an apology. Although Plaintiff
22  claimed to be ready for trial, his submissions were inadequate and demonstrated the parties'
23  failure to meet and confer in order to file joint submissions as required by this Court.

24  At the end of the extensive hearing at the status conference on April 25, 2005, and
25  having failed to demonstrate good cause for the wholesale and egregious transgressions, the
26  Court determined that the parties' multiple failures to comply with the standing orders merited
27  the imposition of sanctions. The Court further determined that because Defendants' counsel is
28  part of a larger legal office, the submission of a letter in violation of the Court's standing orders

3

merited the imposition of the requirement that Defendants' counsel circulate a copy of the Court's standing orders to all litigation personnel in their office. On April 26, 2005, this Court issued a written order setting out the sanctions.[1]

**ANALYSIS**

A party moving for reconsideration must first seek leave of the court to file such a motion and must specifically demonstrate: (1) that at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought; or (2) the emergence of new material facts or change of law occurring after the time of such order; or (3) a manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order. Civil L.R. 7-9(a) and (b). The moving party may not reargue any written or oral argument previously asserted to the Court. Civil L.R. 7-9(c).

Defendants have failed to make this requisite showing. Defendants claim that because they were not given advance warning that the Court was considering the imposition of sanctions, it did not have time to prepare adequately. Defendants contend that had they been notified in advance of the status conference that they might have to defend against the imposition of sanctions, they "would have provided additional facts, which would have proved its conduct not sanctionable, and would have cited legal authority to support its position that sanctions were not warranted." (Motion at 4.)

In this matter, the Court did not levy sanctions without good cause and without an opportunity for the parties to contest the fairness of the sanctions. "Sanctions . . . should not be assessed lightly or without fair notice and an opportunity for a hearing on the record." *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 767 (1980). The imposition of sanctions may require fair notice and an opportunity for a hearing on the record to satisfy the requirements of due process. *Oregon RSA No. 6 v. Castle Rock Cellular*, 76 F.3d 1003, 1007 (9th Cir. 1996).

---

[1] The written order was not as specific as the oral order the preceding day, which required only that Defendants' counsel distribute the standing orders to the litigation department of the office. The Court intended only that the standing orders be served on those persons who litigate and who may therefore appear before this Court.

4

1  The Court conducted an extensive and time-consuming hearing, addressed all of the parties'
2  outstanding issues, and provided an opportunity for counsel to explain the multiple violations of
3  this Court's orders.  Having been provided such an opportunity, and having failed to
4  demonstrate good cause for the transgressions, this Court levied appropriate sanctions.

5       In addition, the Court's standing orders explicitly state that failure to comply "with any
6  of the rules and orders may be deemed sufficient grounds for monetary sanctions . . . or other
7  appropriate sanctions."  (General Standing Orders, paragraph 1.)  Standing orders govern the
8  conduct of proceedings before this Court and, by its own terms, parties are provided sufficient
9  notice that any violation of such orders may subject them to sanctions.  *See* Civil L.R. 1-5(o).
10 Further, sanctions are independently appropriate in instances in which a party or a party's
11 attorney fails to obey a scheduling or pretrial order, or if the party or party's attorney is
12 substantially unprepared to participate in the conference.  Fed. R. Civ. P. 16(f).

13      Defendants have failed to demonstrate a material difference in fact or law from that
14 which was presented to the Court before entry of the sanctions order, or the emergence of new
15 material facts or change of law occurring after the order was issued, or a manifest failure by the
16 Court to consider material facts or dispositive legal arguments which were presented to the
17 Court before the sanctions were ordered.  In addition, the parties were given ample time to
18 proffer good cause for their multiple violations of this Court's case management and standing
19 orders, and having failed to do so, the imposition of sanctions was both reasonable and
20 warranted.

21 **CONCLUSION**

22      Accordingly, Defendants' motion for leave to file a motion for reconsideration is
23 DENIED.  Defendants' request for a stay and/or to extend time to execute the sanctions is also
24 DENIED.

25 **IT IS SO ORDERED.**

26 Dated:  May 3, 2005                                    /s/ Jeffrey S. White
                                                                          JEFFREY S. WHITE
27                                                                      UNITED STATES DISTRICT JUDGE
28

5