IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES HENRY WASHBURN,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>PAULO MORGADO, et al.,<br><br>　　　　Defendants.<br>_____/ | No. C 03-02973 JSW<br><br>**ORDER DENYING REQUEST FOR ENLARGEMENT OF TIME FOR DISCLOSURE OF EXPERT TESTIMONY AND DENYING REQUEST TO CORRECT THE RECORD** |

　　　　Now before the Court is Defendants' request for administrative relief pursuant to Civil Local 7-11 for enlargement of time for expert disclosure under Federal Rule of Civil Procedure 26(a)(2)(C) and Plaintiff's counsel's request to correct the record. Having carefully reviewed the parties' papers and considered the arguments and the relevant legal authority, and good cause appearing, the Court hereby DENIES Defendants' request and DENIES Plaintiff's counsel's request.

**　　A.　　Defendants' Request to Enlarge Time for Expert Discovery.**

　　　　The parties are, by this time, familiar with the facts of this dispute. Although any and all discovery disputes were referred to a magistrate judge and any requests for an extension of the discovery period would have been granted for good cause shown, the parties instead engaged in self-help, engaging in extensive discovery after the court-ordered deadline. At the status conference on April 25, 2005, this Court explicitly ruled that the parties could engage in

discovery after the deadline by voluntary agreement, but that the Court would not enforce any such agreement.

Defendants' request for relief, therefore, serves as a motion for reconsideration. Defendants have failed to demonstrate a material difference in fact or law from that which was already presented to the Court, or the emergence of new material facts or change of law, or a manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court. Further, Defendants have failed to demonstrate excusable neglect or any substantive reason for the parties' failure to complete discovery by the court-imposed deadline. Therefore, Defendants' request to enlarge time to complete expert discovery is DENIED.

**B.  Plaintiff's Counsel's Request to Correct the Record.**

Similarly, Plaintiff's counsel's request to correct the record serves as a motion for reconsideration of this Court's ruling from the bench on April 25, 2005, its subsequent order dated April 26, 2005 which memorializes the ruling regarding sanctions, and its last order dated May 3, 2005 which reiterates its findings and reasons in denying Defendants' motion for reconsideration. The Court has determined that the sanctions imposed are necessary to enforce its standing orders, the civil local rules, and the Federal Rules of Civil Procedure. Counsel for both parties are once again admonished to follow them.

### CONCLUSION

Accordingly, Defendants' request for enlargement of time for disclosure of expert testimony is DENIED and Plaintiff's counsel's request to correct the record is DENIED.

**IT IS SO ORDERED.**

Dated: May 17, 2005

/s/ Jeffrey S. White
JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE